HARDY, Judge.
This is a suit by plaintiffs for damages for personal injuries and medical expenses caused their respective minor sons, allegedly due to the negligence of defendant’s-employees in the operation of a motor vehicle. Plaintiffs appeal from judgment on the merits rejecting their demands.
*791 The accident occurred in the late after-moon of August 2, 1959, at the intersection -of Rosewood Street and Lakeshore Drive in the City of Monroe. The two boys, Larry Kight and Robert Larry Graves, were riding a bicycle which was being pedaled by the former and on the rear portion of which the latter was riding as a passenger. A collision occurred between the bicycle and an automobile driven by defendant’s employee. The gist of plaintiffs’ claim is found in the allegations of Article 5 of their petition, which reads as follows:
“Petitioners show that as the bicycle, ■ pedaled by Lonnie Kight, reached the intersection of Rosewood and Lake-shore Drive the fog machine turned left on Lakeshore Drive going in a northerly direction; that the said Lonnie Kight stopped his bicycle on the grass at the southwest [Error. ■Obviously intended to be northeast] corner of Rosewood and Lakeshore Drive; that he and the said Robert Larry Graves were sitting and watch--ing the fog machine; that without any warning a 1959 Oldsmobile driven by one James H. Brown, colored person, came through the fog at a rapid rate of speed and struck the bicycle ■on which petitioners’ sons, Lonnie Kight and Robert Larry Graves, were sitting, throwing Robert Larry Graves into the air and upon the hood of •said bicycle (sic) and seriously injuring Lonnie Kight and Robert Larry Graves.”
The two boys on the bicycle were following a fogging machine which moved west -on Rosewood Street, stopping at the “T” intersection with Lakeshore Drive on which thoroughfare it turned south. The spray or fog created a dense cloud and the machine dispensing the spray was not turned off as the operator stopped for a brief period of time in the intersection before making his turn to the south, the result being that visibility at the intersection was zero.
The crux of 'this case rests in the determination as to the location of the point of impact and a resolution as to which vehicle was moving at the time.
It is the contention of the plaintiffs, in accord with the allegations of their petition as above noted, that the bicycle was stopped on Rosewood Street at the northeast corner of the intersection where it was struck a violent blow by the northbound automobile driven by Brown. A directly opposed contention of defendant is that the impact occurred at the southeast corner of the intersection where Brown had brought his automobile to a stop, parallel with the east line of Lakeshore Drive and with the front portion of the vehicle about even or a little south of the south line of Rosewood Street, where it was struck by the bicycle.
After a detailed analysis of the testimony of the witnesses produced on trial, as set forth in his written reasons for judgment, the district judge reached the conclusion that the testimony failed to support the charge that the car was moving at the time of the accident, and, to the contrary, he found that the bicycle struck the automobile while trailing the fogging machine, and as a consequence the accident was due to the negligence of plaintiffs’ minor sons.
Our examination of the record has been so completely convincing as to the correctness of the factual findings of the trial judge that we.think it unnecessary to devote any detailed consideration to a recapitulation of the testimony. It suffices to say that the facts preponderantly established completely fail to bear out the contentions of plaintiffs, and on the other hand they support in every particular the claims asserted by defendant. There are noticeable and flagrant discrepancies in the testimony of the boys who were involved in the accident. In the attempt to reconcile his version of the occurrence with a number of physical facts which were conclusively established, one of the boys testified that after the automobile proceeded *792 across the Rosewood Street intersection and struck the bicycle the driver backed the car and stopped it at the southeast corner of the intersection. This testimony is irreconcilable with the established physical circumstances and directly opposed to the testimony of disinterested witnesses, as well as that of defendant’s employee.
We think the evidence is conclusive on the point that the automobile was stopped and that the bicycle was propelled into contact at the southeast corner of the intersection. There is not the slightest doubt in our minds as to the complete validity of the conclusion of the district judge that the accident was solely, proximately and exclusively caused by the negligence of plaintiffs’ minor sons.
The judgment appealed from is affirmed at appellants’ cost.